11 CIV 9485

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
FOUNTAINHEAD CAPITAL PARTNERS :
LIMITED : Civil Action No. _____
:
    Plaintiff, :
:  **COMPLAINT**
v. :
:
SINO-SHIPPING HOLDINGS, INC., :
:
    Defendant. :
:
------------------------------------------------------------x

RECEIVED
DEC 23 2011
U.S.D.C. S.D.N.Y.
**CASHIERS**

    Plaintiff, Fountainhead Capital Partners Limited, an entity registered in Jersey (C.I.) ("FHCP"), by and through its attorneys, Marshall Grant & Griffin, P.L., by way of Complaint against the Defendant, Sino-Shipping Holdings, Inc., a Delaware corporation ("SSH"), hereby alleges as follows:

## NATURE OF THE ACTION

    1.    This action seeks redress against SSH for breach of contract relating to that certain Investor Rights Agreement (the "Agreement"), dated March 31, 2008, by and between FHCP and Dalkeith Investments, Inc., a Delaware corporation ("Dalkeith") (On March 31, 2008, Dalkeith changed its name to Sino-Shipping Holdings, Inc. Dalkeith and SSH, being the same entity, are hereinafter referred to only as SSH.). Specifically, FHCP seeks, *inter alia*, a judgment from this Court holding SSH in breach of the clear and unambiguous terms of the Agreement through its continuing (a) failure to honor FHCP's exercise of the put option set forth in Section 3.1 of the Agreement with respect

1

to certain SSH common stock, and (b) failure to satisfy its payment obligations to FHCP relating to such option.

## JURISDICTION AND VENUE

2.       This Court has subject matter jurisdiction to consider and determine this matter pursuant to diversity jurisdiction under 28 U.S.C. § 1332(a)(2), in that Plaintiff, FHCP, is a citizen of a foreign country and Defendant, SSH, is a citizen of a state in the United States, and the amount in controversy exceeds $75,000 exclusive of interest and cost.

3.       This Court has personal jurisdiction over the Defendant pursuant to Section 302(a)(1) of New York C.P.L.R, as the Defendant has purposefully availed itself of the laws of the state of New York, invoking the benefits and protections of such laws.

4.       Venue is proper in this Court, pursuant to Section 4.6 of the Agreement, as the Defendant has contractually submitted to venue in this District.

## PARTIES

5.       Plaintiff, FHCP, is an entity registered under the laws of Jersey in the Channel Islands, with its principal place of business located at Portman House, Hue Street, St. Helier, Jersey JE4 5RP, Channel Islands.

6.       Upon information and belief, Defendant, SSH, is a corporation organized under the laws of Delaware, with its principal place of business at 2L, Gaoyang Building, No. 815 Dong Da Ming Road, Shanghai, China 2000082.

## FACTUAL ALLEGATIONS

### The Share Exchange Agreement

7.       On March 31, 2008, SSH entered into a Share Exchange Agreement (the "Share Exchange Agreement") with FHCP, Yongchen International Shipping Limited, a

company incorporated in Hong Kong ("Yongchen"), Hengzhou International Shipping Limited, a company incorporated in Hong Kong ("Hengzhou"), Yongzheng International Marine Holdings Co., Ltd., a BritishVirgin Islands company ("Yongzheng"), and each of the other shareholders of Hengzhou (the "Other Shareholders"). As a result of the Share Exchange Agreement, Yongchen, Hengzhou and Yongzheng each became subsidiaries of SSH and the shareholders of Yongchen, Hengzhou, Yongzheng and the Other Shareholders became the controlling shareholders of SSH, and representatives of these parties became the officers and directors of SSH. This transaction is hereafter referred to as the "Merger Transaction." Prior to the Merger Transaction, SSH was controlled by FHCP.

8. Pursuant to the terms of the Share Exchange Agreement, FHCP was issued 939,502 shares of SSH's common stock (the "New Common Stock"), in addition to the 60,498 shares of SSH common stock already owned by FHCP prior to the Share Exchange Agreement (the "Previously Owned Stock," together with the New Common Stock, the "SSH Stock").

**The Investor Rights Agreement**

9. On March 31, 2008, as part and parcel of the Merger Transaction, FHCP and SSH entered into the Agreement.

*The Put Option*

10. Section 3.1 of the Agreement provides, in relevant part, that during the 20 day period immediately following the second anniversary of SSH's April 2, 2008 Form 8-K filing (the "8-K") with the United States Securities and Exchange Commission (the "SEC"), FHCP may put to SSH (the "Put Option") - at $1.70 per share - up to 250,000

shares of the SSH Stock (less the number of shares sold by FHCP at or above $1.60 per share).

11. FHCP would not have agreed to the Merger Transaction but for the existence of the Put Option, upon which FHCP specifically relied.

12. The second anniversary of the 8-K filing was April 2, 2010.

13. Section 3.1 of the Agreement further provides, however, that FHCP would not be permitted to exercise the Put Option if, subject to certain specified provisions, the average fair market value per share of SSH's common stock equaled or exceeded $1.60 per share for any period of thirty (30) consecutive trading days during the period from April 2, 2009 through April 2, 2010 (the "Stock Price Trigger").

14. Additionally, pursuant to Section 4.1 of the Agreement, the Agreement would automatically terminate if at any time FHCP no longer held SSH Stock (the "Termination Provision," and the Stock Price Trigger, each a "Termination Trigger Event").

15. At no point following the parties' execution of the Agreement, however, did (a) a Termination Trigger Event occur, that would prevent FHCP from exercising the Put Option; or (b) FHCP engage in a sale of SSH Stock that would prevent it from exercising the Put Option as to all 250,000 shares.

*Notice Requirements*

16. Section 4.2 of the Agreement, by cross reference to Section 13.3 of the Share Exchange Agreement, sets forth the means for providing notice and the delivery of other communications under the Agreement, and to whom such notice and/or communications must be provided, including as such relates to FHCP's exercise of the Put Option.

17. Specifically, Section 13.3 of the Share Exchange Agreement provides, in pertinent part, that notices and other communications may be delivered by, among other means, overnight mail or facsimile, and that notice to SSH must be in writing and delivered to SSH c/o Yongzheng [Attention: Xinyu Zhang ("Mr. Zhang"), President], Facsimile: 86-21-5595-8602, No. 950 Dalian Road, Hi- Shanghai 8th Building, 5FL., Shanghai China; and Breslow & Walker LLP [Attention: Len Breslow Esq.] (together with Yongzheng, the "SSH Notice Parties"), Facsimile: 516-822-6544, 100 Jericho Quadrangle, Suite 230, Jericho, New York 11753.

### The First Notice of Exercise

18. By letter dated April 12, 2010 (the "First Notice of Exercise"), to the Notice Parties, FHCP delivered notice of its exercise of the Put Option to SSH for 250,000 shares of the SSH Stock. The First Notice of Exercise was delivered to the Notice Parties via facsimile.

19. The First Notice of Exercise included the contractually specified put price of $1.70 per share, for a total put amount of $425,000 (the "Put Amount"). Additionally, the First Notice of Exercise demanded immediate payment of the Put Amount.

20. As of the date of the First Notice of Exercise, neither of the Termination Trigger Events had occurred, nor had FHCP sold any of its SSH Stock at a price equal to or in excess of $1.60 per share.

### The Second Notice of Exercise and Extension Agreement

21. By letter agreement dated April 15, 2010 (the "Extension Agreement"), FHCP and SSH agreed (at the specific request of SSH and its counsel) that (a) FHCP would withdraw the First Notice of Exercise; (b) the last day for FHCP to exercise the Put Option would be extended to May 10, 2010 (the "Last Exercise Date"); and (c)

pursuant to the Extension Agreement, FHCP would be deemed to have exercised the Put Option effective as of 5:00 p.m. (EST) on the Last Exercise Date (the "Second Notice of Exercise") as to 250,000 shares of SSH Stock at the Put Amount.

22. Pursuant to the Extension Agreement, SSH confirmed in writing that FHCP's exercise of the Put Option was made timely and in accordance with the terms of the Agreement.

23. As of the date of the Second Notice of Exercise, neither of the Termination Trigger Events had occurred, nor had FHCP sold any of its SSH Stock at a price equal to or in excess of $1.60 per share.

24. On June 10, 2010, counsel for FHCP made a separate further written demand to the Notice Parties to satisfy the Put Amount (the "Payment Demand"). The Payment Demand was delivered to the Notice Parties via federal express. SSH, however, did not respond to the Payment Demand.

**The Third Notice of Exercise**

25. Upon information and belief, pursuant to SSH's Form 10-Q (the "10-Q") filed with the SEC on May 24, 2010 (for the three months ended March 31, 2010), SSH, in direct conflict with the position they had taken in connection with the Extension Agreement, took the position that the Put Option was not exercisable until April 2, 2011.

26. In order to protect their rights under the Agreement, by letter dated April 5, 2011 (the "Third Notice of Exercise," together with the Second Notice of Exercise, the "Notices of Exercise") to the Notice Parties, FHCP (reserving all rights with respect to the validity and effectiveness of the Extension Agreement and Second Notice of Exercise) provided (a) further notice of its exercise of the Put Option to SSH for 250,000

shares of its SSH Stock; and (b) made a demand for immediate payment of the Put Amount (the "Additional Payment Demand," together with the Payment Demand, the "Payment Demands").

27. The Third Notice of Exercise was delivered via federal express.

28. As of the date of the Third Notice of Exercise, neither of the Termination Trigger Events had occurred, nor had FHCP sold any of its SSH Stock at a price equal to or in excess of $1.60 per share.

29. Again, SSH did not respond to the Additional Payment Demand.

30. As of the date hereof, SSH has failed to honor the Payment Demands, or directly respond to the Notices of Exercise.

## CAUSE OF ACTION
### (Breach of Contract)

31. FHCP hereby incorporates the foregoing paragraphs as if fully restated herein.

32. Pursuant to the Agreement, SSH was required to pay FHCP the entire Put Amount upon FHCP submitting the Notices of Exercise to the Notice Parties, if (a) such notices were provided to those parties within twenty (20) days after April 2, 2010 (the "Original Put Period"), which was ostensibly extended by the mutual agreement of FHCP and SSH to May 10, 2010 (the "Extended Put Period"), or as SSH contends, twenty (20) days after April 2, 2011, which FHCP disputes (the "Alternative Put Period")); (b) neither of the Termination Trigger Events had occurred prior to the delivery of such notices; and (c) FHCP had not sold any of its SSH Stock at a price equal to or in excess of $1.60 per share.

7

33. Pursuant to the Agreement, FHCP timely delivered the Notices of Exercise during the Original Put Period, Extended Put Period and the Alternative Put Period.

34. Neither of the Termination Trigger Events had occurred prior to FHCP's delivery of the Notices of Exercise to the Notice Parties, nor had FHCP sold any of its SSH Stock at a price equal to or in excess of $1.60 per share.

35. SSH has breached the Agreement by failing to satisfy its payment obligations with respect to the Put Amount.

36. As a direct and proximate result of SSH's breach of the Agreement, FHCP has been harmed by being deprived of the Put Amount.

## PRAYER FOR RELIEF

WHEREFORE, FHCP prays for judgment against SSH as follows:

A. Determining that SSH is in breach of the Agreement;

B. Awarding FHCP the Put Amount of $425,000, and pre-judgment interest on such amount at a rate of nine percent (9%) per annum from May 10, 2010; and

C. Granting FHCP such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 23, 2011

Respectfully submitted,

Scott A. Griffin
MARSHALL GRANT & GRIFFIN, P.L.
380 Lexington Avenue, 17th Floor
New York, New York 10168
sgriffin@mggpl.com
Telephone: (212) 920-7637
Facsimile: (212) 920-7927

-and-

Joe M. Grant
Adam D. Marshall
MARSHALL GRANT & GRIFFIN, P.L.
197 S. Federal Highway, Suite 300
Boca Raton, Florida 33432
Telephone: (561) 672-7580
Facsimile: (561) 672-7581

*Counsel to Fountainhead Capital Partners Limited*